UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WILLIAM P. CLINCH,            )
                             )
        Petitioner,          )
                             )
    vs.                      )   Case No.   14-0146-CV-W-DW-P
                             )
IAN WALLACE,                 )
                             )
        Respondent.          )


**O R D E R**


Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. §
2254 from his conviction in the Circuit Court of Boone County,
Missouri, for murder in the first degree.  The Missouri Court of
Appeals affirmed petitioner's conviction, *State v. Clinch*,
335 S.W.3d 579 (2011), and the denial of his motion for
post-conviction relief, Doc. 7-18 (unpublished opinion).

The facts are straightforward:  Petitioner shot and killed his
former brother-in-law (the victim) "[w]hen Clinch learned [that the
victim] had completed [] anger management classes and, therefore,
was one step closer to having unsupervised supervision with
[his children, who are petitioner's nieces and nephew]." *Clinch*,
335 S.W.3d at 581.

Petitioner lists four grounds for relief.  As his first three
grounds, petitioner claims that the trial court erred by (1) denying
his motion to dismiss based on "judge shopping" by the prosecutor,
(2) overruling his objection to the inclusion of the word "imminent"
in a jury instruction on the defense of others, and (3) refusing to

allow testimony by petitioner's brother.  Doc. 1, pp. 5-6, 8 (petition).

The Missouri Court of Appeals considered and rejected those claims, concluding that:  (1) "the State entered its *nolle prosequi* following [the initial judge's] ruling concerning the jury instructions [and jeopardy] had not yet attached, so it was permissible for the State to refile the charges . . . as it saw fit," *Clinch*, 335 S.W.3d at 583-84; (2) the challenged jury instruction "was consistent with the substantive law" of Missouri, *id*. at 588; and (3) the exclusion of testimony by petitioner's brother was not an abuse of discretion because allowing such testimony would have violated the court's rule excluding witnesses from the courtroom, and because the testimony would have been cumulative, *id*. at 588-89.

The Missouri Court of Appeals' resolution of petitioner's trial-error claims was not based on "an unreasonable application of[ ] clearly established Federal law" or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) and (2).  *See generally Garcia v. Mathes*, 474 F.3d 1014, 1017 (8th Cir. 2007) (habeas petitioner "must show that the alleged [trial errors] were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair") (citation omitted); *Ellis v. Norris*, 232 F.3d 619, 622 (8th Cir. 2000) (federal habeas court must defer to state court's interpretation of state law), *cert. denied*, 532 U.S. 935 (2001).  *See also Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000) (regarding state criminal

2

convictions, "[j]ury instructions involve questions of state law, and [a federal habeas corpus petitioner] has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice"); *Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000). Petitioner is entitled to no relief on his first three grounds.

As his fourth ground for relief, petitioner claims that he was denied effective assistance of counsel during voir dire because his attorney failed to challenge for cause juror Tobin Schweikert. Doc. 1, p. 9 (petition). The Missouri Court of Appeals disagreed, characterizing Mr. Schweikert as a qualified, unbiased, and conscientious juror. Doc. 7-18, pp. 7-9 (unpublished opinion). Having reviewed the record, this Court agrees with that characterization.

The Missouri Court of Appeals' resolution of petitioner's ineffective-assistance claim was not based on "an unreasonable application [of] clearly established Federal law" or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient

Case 4:14-cv-00146-DW   Document 17   Filed 11/04/14   Page 3 of 4

performance prejudiced the defense).  Petitioner is entitled to no relief on his fourth ground.

For the reasons explained above, petitioner has failed to allege grounds that warrant relief by this Court.  Accordingly, this petition for a writ of habeas corpus is denied, and this case is dismissed.

So **ORDERED**.


/s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 4, 2014.

4